IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Phyllis Post, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No.   10 C 2845 |
| Accounts Receivable Management, Inc. a New Jersey corporation, | ) ) ) ) | |
| Defendant. | ) | Jury Demanded |

## COMPLAINT

Plaintiff, Phyllis Post, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violations of the FDCPA, and alleges:

### JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) part of the acts and transactions occurred here; and, b) Defendant resides and transacts business here.

### PARTIES

3. Plaintiff, Phyllis Post ("Post"), is a citizen of the State of Kansas, from whom Defendant attempted to collect a delinquent consumer debt she owed for a Credit One Bank credit card, despite the fact that she was represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4. Defendant, Accounts Receivable Management, Inc. ("ARM"), is a New Jersey corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. ARM operates a nationwide delinquent debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois.

5. Defendant ARM is licensed to conduct business in Illinois and maintains a registered agent here, see, record from the Illinois Secretary of State, attached as Exhibit A. In fact, Defendant ARM conducts business in Illinois.

6. Moreover, Defendant ARM is licensed as a collection agency in Illinois, see, record from the Illinois Division of Professional Regulation, attached as Exhibit B. In fact, Defendant ARM acts as a collection agency in Illinois.

## FACTUAL ALLEGATIONS

7. Ms. Post is a senior citizen, with limited assets and income, who fell behind on paying her bills, including a debt she owed for Credit One Bank credit card. When Defendant ARM began trying to collect the Credit One Bank debt from Ms. Post, she sought the assistance of legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding her financial difficulties and Defendant ARM's collection actions.

8. On June 9, 2009, one of Ms. Post's attorneys at LASPD informed ARM, in writing, that Ms. Post was represented by counsel, and directed ARM to cease contacting her, and to cease all further collection activities because Ms. Post was forced, by her financial circumstances, to refuse to pay her unsecured debt. Copies of this letter and fax confirmation are attached as Exhibit C.

9. Nonetheless, Defendant ARM's debt collectors, "David West" and "Steve Martin", called Ms. Post several times, including calls on June 9, 11 and 25, 2009, to demand payment of the Credit One Bank debt.

10. All of ARM's collection actions complained of herein occurred within one year of the date of this Complaint.

11. Defendant ARM's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
## Violation Of § 1692c(c) Of The FDCPA --
## Failure To Cease Communications And Cease Collections

12. Plaintiff adopts and realleges ¶¶ 1-11.

13. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay. See, 15 U.S.C. § 1692c(c).

14. Here, the letter from Ms. Post's attorney at LASPD, told Defendant ARM to cease communications and cease collections (Exhibit C). By continuing to communicate regarding this debt and demanding payment, Defendant ARM violated § 1692c(c) of the FDCPA.

15. Defendant ARM's violations of § 1692c(c) of the FDCPA render it liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

**COUNT II**
**Violation Of § 1692c(a)(2) Of The FDCPA --**
**Communicating With A Consumer Represented By Counsel**

16.　　Plaintiff adopts and realleges ¶¶ 1-11.

17.　　Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address.  See, 15 U.S.C. § 1692c(a)(2).

18.　　Defendant ARM knew that Ms. Post was represented by counsel in connection with her debts because her attorneys at LASPD had informed Defendant, in writing (Exhibit C), that she was represented by counsel, and had directed Defendant ARM to cease directly communicating with Ms. Post.  By directly calling Ms. Post, despite being advised that she was represented by counsel, Defendant ARM violated § 1692c(a)(2) of the FDCPA.

19.　　Defendant ARM's violations of § 1692c(a)(2) of the FDCPA render it liable for statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

**PRAYER FOR RELIEF**

Plaintiff, Phyllis Post, prays that this Court:

1.　　Find that Defendant ARM's debt collection actions violated the FDCPA;

2.　　Enter judgment in favor of Plaintiff Post, and against Defendant ARM, for statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3.　　Grant such further relief as deemed just.

4

## JURY DEMAND

Plaintiff, Phyllis Post, demands trial by jury.

                                        Phyllis Post,

                                        By: /s/ David J. Philipps
                                        One of Plaintiff's Attorneys

Dated:  May 7, 2010

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com